NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
SALVATORE BRUNETTI,                :
:         Civ. No. 18-17569 (RMB)
            Petitioner    :
:
    v.                             :         OPINION
:
WARDEN DAVID ORTIZ,                :
:
            Respondent   :
_____       :

**BUMB, United States District Judge**

This matter comes before the Court upon Petitioner Salvatore Brunetti's petition for writ of habeas corpus under 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner challenges his security classification and the Bureau of Prisons' ("BOP") application of a public safety factor on his prison record. (Id.) For the reasons discussed below, the Court will dismiss the petition for lack of jurisdiction.

I.  SCREENING UNDER RULE 4

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 under Rule 1(b) scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below, the Court lacks jurisdiction under § 2241.

II. THE PETITION

Petitioner contends that the BOP erred by deeming his conviction for conspiracy to commit murder as a violent crime, which subjected him to the greatest severity classification and a public safety factor on his prison record. (Pet., ECF No. 1, ¶13.) Petitioner further contends the BOP should have waived the public safety factor under BOP Program Statement 5100.08 because the Supreme Court cases of Sessions v. DiMaya, 138 S. Ct. 1204 (2018) and Johnson v. USA, 135 S. Ct. 2551 (2015) establish that his crime was non-violent. (Pet'r Mem. In Supp. of Pet., ECF No. 1-1 at 6.)

III. DISCUSSION

Challenges to prison security classifications and application of public safety factors are not cognizable under 28 U.S.C. § 2241 because such challenges do not implicate the fact or duration of imprisonment nor do they fall within the narrow scope of cognizable challenges to the execution of sentences described in Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3rd Cir. 2005). Briley v. Warden Fort Dix FCI, 703 F. App'x 69, 71 (3d Cir. 2017) (per curiam); see Marti v. Nash, 227 F. App'x 148, 150 (3d Cir. 2007) (per curiam) (a prisoner has no Due Process right to any particular security classification); see Day v. Nash, 191 F. App'x 137, 139

(3d Cir. 2006) (per curiam) (there is no Due Process liberty interest in prison security classification).

Prison security classifications are made under the authority provided in 18 U.S.C. § 3621(b), as interpreted by the BOP in Program Statement 5100.08. See BOP Program Statement 5100.08.[1] Dimaya and Johnson are inapposite. The Supreme Court in Dimaya held that the definition of a "crime of violence" in 18 U.S.C. § 16(b), governing immigration removal decisions, is void for vagueness. 138 S. Ct. at 1210-11. The Supreme Court in Johnson held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), governing enhanced criminal penalties, is unconstitutionally vague. 135 S. Ct. at 2555-63. Because there is no Due Process liberty interest in prison security classifications, the due process concerns in Dimaya and Johnson do not apply here. See Mundo-Violante v. Warden Loretto FCI, 654 F. App'x 49, 51 (3d Cir. 2016) ("neither BOP policy nor the Due Process Clause gives a prisoner a liberty interest in a particular housing location or custody level while under the jurisdiction of correctional authorities.")

---

[1] BOP Program Statements are available at https://www.bop.gov/resources/policy_and_forms.jsp

IV. CONCLUSION

For the reasons discussed above, Petitioner has not stated a cognizable claim under 28 U.S.C. § 2241. Therefore, the Court will dismiss the petition for lack of jurisdiction.

An appropriate Order follows.

Date: April 9, 2019

                               s/Renée Marie Bumb
                               **RENÉE MARIE BUMB**
                               **UNITED STATES DISTRICT JUDGE**