NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| SALVATORE BRUNETTI, | : | |
| | : | Civ. No. 18-17569 (RMB) |
| Petitioner | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| WARDEN DAVID ORTIZ, | : | |
| | : | |
| Respondent | : | |

**BUMB, United States District Judge**

This matter comes before the Court upon Petitioner Salvatore Brunetti's Motion for Reconsideration. (Mot. for Reconsideration, ECF No. 8.) Petitioner seeks reconsideration of this Court's Opinion and Order dismissing his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 for lack of jurisdiction. For the reasons discussed below, the Court will deny the motion for reconsideration.

I.  BACKGROUND

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on December 26, 2018, challenging the Bureau of Prison's custody classification that precluded Petitioner from transfer to a minimum security facility. (Pet., ECF No. 1, ¶13.) By Opinion and Order dated April 9, 2019, this Court dismissed the

petition for lack of jurisdiction. (Opinion, ECF No. 4; Order, ECF No. 5.) On June 10, 2019, Petitioner filed a motion for reconsideration, arguing that his crime of conviction, 18 U.S.C. § 1959(a)(5), is no longer considered an act of violence, and requesting a two point reduction in his prison custody and security classification. (Mot. for Reconsideration, ECF No. 8 at 3.)

II. DISCUSSION

Federal Rule of Civil Procedure 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

> The purpose of a motion for reconsideration … is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995).

<u>Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).

Petitioner contends that his crime of conviction, 18 U.S.C. § 1959(a)(5), is no longer a crime of violence; therefore, he should receive a reduced custody classification from the Bureau of

2

Prisons. (Mot. for Reconsideration, ECF No. 8 at 3.) Even accepting Petitioner's proposition that attempt or conspiracy to commit murder or kidnapping in aid of racketeering activity is no longer a crime of violence, this Court lacks jurisdiction under 28 U.S.C. § 2241 to review the Bureau of Prison's custody classification. Marti v. Nash, 227 F. App'x 148, 150 (3d Cir. 2007) (per curiam); Briley v. Warden Fort Dix FCI, 703 F. App'x 69, 70 (3d Cir. 2017). Petitioner has not provided a proper basis for reconsideration of this Court's Order denying his habeas petition.

III. CONCLUSION

For the reasons discussed above, Petitioner's Motion for Reconsideration will be denied.

An appropriate Order follows.

Date: December 3, 2019

                                    s/Renée Marie Bumb
                                    **RENÉE MARIE BUMB**
                                    **UNITED STATES DISTRICT JUDGE**